# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| C.S., a minor, by her parents and next friends, R.S. and V.S., and each individually, ) ) ) Plaintiffs, ) ) v. ) ) OAK LAWN-HOMETOWN SCHOOL ) DISTRICT 123 & ILLINOIS STATE BOARD ) OF EDUCATION, ) ) Defendants. ) | No. 09 C 2246<br><br>The Honorable William J. Hibbler |

## MEMORANDUM OPINION AND ORDER

R.S. and V.S. ("the Parents") bring this action on behalf of C.S. ("the Student"), their minor child and a student with disabilities who was enrolled in the Oak Lawn-Hometown School District 123 ("the School District") during the relevant time period. In Count I of their complaint, Plaintiffs allege that the School District denied them certain substantive and procedural rights guaranteed by the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1401, *et seq.*, and Article 14 of the Illinois School Code, 105 ILCS 5/14-1.01, *et seq.* In Count II, they allege that the Illinois State Board of Education (ISBE) denied them their procedural rights to a due process hearing. The School District now moves to dismiss Count I of the Complaint. In addition, the School District seeks sanctions pursuant to Rule 11(b)(1) and (b)(2) of the Federal Rules of Civil Procedure based on the filing of the Complaint. For the following reasons, the Court GRANTS the School District's motion to dismiss and DENIES the motion for sanctions.

1

## BACKGROUND

Plaintiffs' complaint sets forth the following relevant facts. At the time that the Complaint was filed, the Student was a 10 year old, 5th grade student in the School District. She has multiple disabilities, including Aspergers Syndrome, a form of autism. On January 28, 2009, Plaintiffs filed a Due Process Complaint Notice (DPCN) pursuant to the IDEA challenging the School District's decision to change the Student's school placement. ISBE assigned their case a case number, and appointed an independent hearing officer (IHO) to administer the proceedings stemming from their DPCN.

On February 3, 2009, Plaintiffs requested permission to amend their original DPCN. The School District did not object. Plaintiffs obtained counsel who withdrew shortly thereafter. Once again unrepresented, Plaintiffs moved for an extension of time to file their amended complaint. At the same time, they requested a continuance in order to complete an Independent Educational Evaluation (IEE). On February 23, 2009, the IHO granted the extension of time to file the amended complaint, but did not address the continuance for the IEE. On March 3, 2009, Plaintiffs filed their amended DPCN. They also made another request for a continuance because: (1) they wanted to obtain legal counsel; (2) their IEE was not yet complete; and (3) the District had allegedly not produced everything necessary for the IEE. On March 5, 2009, the IHO struck the Amended DPCN, but allowed for the possibility that it might serve as a guide for determining the issues at stake during the legally mandated pre-hearing conference. The IHO also decided not to grant any continuance in the hearing schedule, and found that the School District had produced all of the required records.

During the next couple weeks, Plaintiffs obtained representation from a Parent Advocate, who attended an unsuccessful March 18th meeting between Plaintiffs and the School District

aimed at resolving the dispute. Later that day, attorney Joseph Daniel Thomas filed an appearance in the administrative proceeding as Plaintiffs' representative. Mr. Thomas has served as their representative in both the administrative proceedings and in the instant matter since. Through their representatives, Plaintiffs made a few more requests for continuances during March for various reasons, including the need to complete an IEE, the need to review records from previous counsel, and personal conflicts. The IHO denied all of these requests and ordered that the pre-hearing conference would proceed despite Plaintiffs' protests.

Following the pre-hearing conference, Plaintiffs filed a new DPCN on April 2, 2009. The School District moved to strike the new DPCN on April 3, and the IHO granted that motion the same day. On April 6, Plaintiffs filed an objection to that ruling, as well as a motion to compel certain evidence necessary for the IEE and the hearing. Later that day, the IHO denied the motion to compel and explained that Plaintiffs would be allowed to present the issues included in the new DPCN during the hearing on the original DPCN. On April 13, 2009, Plaintiffs notified the IHO that they believed that proceeding to a hearing would be futile. The same day, they filed the instant cause of action.

## *DISCUSSION*

### I. Motion to dismiss

#### A. Standard of review

Motions to dismiss test the sufficiency, not the merits, of the case. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a motion to dismiss under federal notice pleading, a plaintiff must "provide the grounds of his entitlement to relief" by alleging "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007) (internal quotation marks,

brackets, and citation omitted). Specific facts are not necessary. *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007). The Court treats well-pleaded allegations as true, and draws all reasonable inferences in the plaintiff's favor. *Disability Rights Wisc., Inc. v. Walworth County Bd. Of Supervisors*, 522 F.3d 796, 799 (7th Cir. 2008).

## B. Exhaustion of administrative remedies

The School District moves for dismissal of Count I on the grounds that Plaintiffs have not exhausted their administrative remedies. Under the IDEA, its implementing regulations, and related state law, a party aggrieved by a final decision made by an IHO following a due process hearing may appeal that decision by bringing a civil action in federal or state court. 20 U.S.C. § 1415(i)(2); 34 C.F.R. §§ 300.514(a) & 300.516; 105 ILCS 5/14-8.02a(i). In most cases, a party may not bring such a civil action, or any civil action seeking relief available under the IDEA, prior to exhausting the administrative remedies that the IDEA provides. *McCormick v. Waukegan Sch. Dist. # 60*, 374 F.3d 564, 567 (7th Cir. 2004) (citing 20 U.S.C. § 1415(l)); *see also* 34 C.F.R. § 300.516(e). However, under one limited exception to the exhaustion requirement, "[p]arents may bypass the IDEA administrative process where exhaustion would be futile." *McCormick*, 374 F.3d at 568 (quoting *Honig v. Doe*, 484 U.S. 305, 327, 108 S. Ct. 592, 606, 98 L. Ed. 2d 686 (1988) (internal brackets and ellipses omitted). Plaintiffs response to the motion to dismiss[1] rests solely on the argument that this case falls within that "futility exception."

---

[1] Plaintiff filed two documents in response to each motion. The first of each pair was titled a "Response" and the second was titled a "Memorandum of Law in Opposition." This is quite an unorthodox method for responding to a motion and seems to run afoul of Local Rule 7.1, which sets a 15 page limit on any brief in opposition to any motion. While Plaintiffs may not view their so-called "Responses" as briefs, they have essentially filed 30 pages in response to one motion and 21 in response to the other. As the responses are, for the most part, duplicative of the memoranda, which are more complete, the Court relies on the memoranda in analyzing

4

The leading Seventh Circuit case on the applicability of the futility exception is *McCormick v. Waukegan School District*, 374 F.3d 564 (7th Cir. 2004). In *McCormick*, the plaintiff brought suit under 42 U.S.C. § 1983 and various state tort law theories requesting monetary relief for physical injuries suffered by her son, a student with muscular dystrophy. *Id.* at 566. The student's injuries allegedly resulted from his teacher forcing him to participate in physical activity despite the fact that it was forbidden under the individualized education program developed for the student pursuant to the IDEA. *Id.* The school district defendant argued that the case should be dismissed for failure to exhaust administrative remedies because the suit was based on injuries for which the IDEA might provide relief. *Id.* at 567. The court rejected the argument, holding that it would have been futile for the plaintiff to exhaust administrative remedies under the IDEA. *Id.* at 569. The court found that the futility exception applied because the plaintiff's claims were based entirely on the physical and emotional damage the student suffered on the day in question and were therefore "non-educational in nature" and could not be addressed even in part by the IDEA. *Id.*

In coming to its conclusion, the *McCormick* court distinguished the plaintiff's "non-educational" claims from those in *Charlie F. v. Board of Education of Skokie School District 68*, 98 F.3d 989 (7th Cir. 1996). 374 F.3d at 567-69. In *Charlie F.*, the court directed the district court to dismiss a complaint brought by the parents of a child with disabilities requesting monetary relief under various federal and state theories besides the IDEA. 98 F.3d at 990-93. While the court agreed with the plaintiffs that the IDEA does not provide for monetary damages, the court looked to the "theory behind the grievance" rather than "what the aggrieved party want[ed]" to determine whether the complaint sought relief available under the IDEA. *Id.* at

---

Plaintiffs' arguments. In the future, Plaintiffs and their counsel should refrain from engaging in this sort of briefing practice.

991-92. Thus, the court reasoned, the plaintiffs in that case were required to exhaust their administrative remedies because they were basing their claim on acts that had "both an educational source and an adverse educational consequence." *Id.* at 993.

In the case at bar, the School District argues that Plaintiffs claims more closely resemble those in *Charlie F.* than those in *McCormick* and that they are unmistakably educational in nature. For this reason, the School District argues that the futility exception cannot apply. Plaintiffs do not seem to dispute that their claims are educational in nature, or even that the IDEA could provide at least partial relief. Instead, they argue that the School District misreads *Charlie F.* and *McCormick*. Plaintiffs agree that these cases require exhaustion of administrative remedies in cases where relief might be available under the IDEA. However, they argue that the cases do not rule out the theory they propose. They posit that the "synergy of procedural difficulties" they faced during the administrative proceedings led to "multiple, severe restrictions" on their ability to prepare and present their case and obtain the necessary relief, thus rendering exhaustion futile.

Plaintiffs are correct that *Charlie F.* and *McCormick* do not explicitly foreclose a legal theory for application of the futility exception that is based on the practical, rather than the legal, futility of exhausting administrative remedies. The Seventh Circuit did not have occasion to address the argument in either case. Thus, one could read the cases as clarifying the futility exception with regard to complaints requesting relief not legally available under the IDEA, but remaining silent as to how the futility exception applies to complaints requesting relief when the IDEA proceedings have become futile as a matter of fact. In fact, in the cases that initially established the futility exception the Supreme Court seemed to accept, at least parenthetically, the idea that both legal and practical futility are relevant in applying the exception. *See Honig,*

484 U.S. at 327, 108 S. Ct. at 606 (quoting 121 Cong. Rec. 37416 (1975) (remarks of Sen. Williams)); *Smith v. Robinson*, 468 U.S. 992, 1014 n.17, 104 S. Ct. 3457, 3469, 82 L. Ed. 2d 746 (1984) (same).

The Court need not decide whether this is a viable theory for avoidance of the exhaustion doctrine under the IDEA, however, because Plaintiffs' allegations fail to support the theory. Plaintiffs' complaint describes a number of procedural decisions made by the IHO that allegedly violate the IDEA, its implementing regulations, and the relevant state law. Contrary to Plaintiffs' claims, however, theirs is not so unique a predicament as to warrant a finding that proceeding to the due process hearing would have been futile.

While Plaintiffs complain that they did not have adequate time to prepare for the hearing, "parents cannot know without asking" whether the IDEA procedures will provide them with relief. *Charlie F.*, 98 F.3d at 993. According to Plaintiffs' complaint, the IHO had agreed to consider all of the issues Plaintiffs set forth in their various DPCNs. Thus, for all Plaintiffs know, the IHO may have ruled in their favor following the hearing, thereby avoiding the depletion of judicial resources. Indeed, that is one of the reasons that the exhaustion doctrine exists. *Bills by Bills v. Homer Consolidated Sch. Dist. No. 33-C*, 959 F. Supp. 507 (N.D. Ill. 1997) (finding that the purposes of requiring exhaustion of administrative remedies include "avoid[ing] unnecessary judicial review by allowing agencies to correct errors."). In fact, the IHO may have even extended or delayed the hearing if it became clear during the review that Plaintiffs were not being given a fair opportunity to present their case. If, following the hearing, Plaintiffs were still unsatisfied, they could raise any objections they had to the IHO's decisions in a civil action. At that point, the court would address all objections, including those regarding procedural matters. *See, e.g., Heather S. v. State of Wis.*, 125 F.3d 1045, 1058-62 (7th Cir. 1997)

(reviewing claims of procedural errors during administrative procedures under IDEA). Thus, even taking all of Plaintiffs' allegations as true, making all inferences in their favor, and assuming for the moment that practical futility is a viable theory, the Court finds that exhaustion of administrative remedies was not futile in this case. The Court therefore grants the School District's motion to dismiss Count I of the Complaint without prejudice.

## II. Motion for sanctions

### A. Standard of review

Under the provisions Rule 11 that are relevant in this case,[2] attorneys must certify that, to the best of their knowledge, any pleadings they file: (1) are not being presented for any improper purpose, such as to cause unnecessary delay; (2) are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; and (3) are supported by evidence. Fed. R. Civ. P. 11(b). The court may impose sanctions on attorneys that violate the Rule. *Id.* at 11(c). The purpose of these sanctions is to deter baseless filings. *Brandt v. Schal Assoc., Inc.*, 960 F.2d 640, 650 (7th Cir. 1992). However, courts should impose sanctions "sparingly, as they can have significant impact beyond the merits of the individual case and can affect the reputation and creativity of counsel." *Hartmarx Corp. v. Abboud*, 326 F.3d 862, 867 (7th Cir. 2003) (internal quotation marks omitted). Courts should not impose sanctions upon litigants who act in good faith, *Smith v. Nat'l Health Care Servs. of Peoria*, 934 F.2d 95, 98-99 (7th Cir. 1991), and who make a reasonable inquiry into the law and fact prior to filing the papers in question, *Mars Steel Corp. v. Continental Bank N.A.*, 880 F.2d 928, 932 (7th Cir. 1989). *See also* Fed. R. Civ. P. 11(b) (requiring an "inquiry reasonable under

---

[2] The School District also bases its motion on Local Rules 83.53.1 and 83.53.3. However, because the requirements of those rules are so similar to those of Rule 11, and because the law applying the Local Rules is so scarce, the Court analyzes the School District's motion under Rule 11.

8

the circumstances"). In other words, courts must balance the importance of deterring frivolous litigation and the danger of deterring litigants or attorneys who take novel approaches or seek legal evolution. *Smith*, 934 F.2d at 99.

### B. Analysis

Although only citing to sections (b)(1) and (b)(2) of the Rule, the School District argues that Plaintiffs' attorneys have committed acts that would violate (b)(3) as well. The School District first contends that Plaintiffs filed this lawsuit for the improper purpose of causing unnecessary delay in the IDEA administrative process. *See* Fed. R. Civ. P. 11(b)(1). Second, they argue that the Complaint is not warranted by existing law or by a nonfrivolous argument for changing existing law. *See id.* at (b)(2). Finally, they claim that the Complaint contains numerous allegations that are misrepresentations of fact and unsupported by the evidence. *See id.* at (b)(3).

The Court hesitates to impose sanctions in a situation where the litigant has set forward an argument for extending existing law that has some validity, even if the Court is unconvinced by the argument. *See Smith*, 934 F.2d at 99 (holding that "[t]he argument...need not be convincing or likely to succeed" if it is made in good faith). The Court is especially reluctant to impose sanctions under (b)(2) in such an instance. Here, the Court recognizes that under some factual circumstances, Plaintiffs' suggestion for applying the futility exception in ways it has not previously been applied by the Seventh Circuit might be appropriate. While the Court finds that those circumstances are not present here, it cannot conclude that the argument was made in bad faith. Thus, the Court will not impose sanctions under Rule 11(b)(2).

In order to determine whether Plaintiffs filed this lawsuit on the basis of unsupported allegations or with the improper purpose of causing delay, the Court would have to delve into a

relatively complete examination of the evidence and make determinations of fact relevant to the underlying issues presented by this case. This is inappropriate for precisely the reasons that the School District has put forward for why the Court must dismiss the case. The School District bases its motion for sanctions on 179 pages of exhibits that it claims belie Plaintiffs' allegations about the proceedings before the IHO and display a pattern of delay by Plaintiffs indicative of their intent in filing suit. Thus, in order to determine whether sanctions are warranted, the School District is essentially requesting that the Court make findings of fact regarding what transpired at the proceedings, and whether Plaintiffs' requests for delay were justified. Yet these are exactly the sort of findings that the School District insists the Court must refuse to make until after the administrative proceedings have come to a conclusion because of the exhaustion doctrine. The Court will not turn this motion for sanctions into what amounts to a summary judgment motion at the same time as it dismisses the case without prejudice for review on the merits by the IHO. Nor will it resort to such a powerful method of reprimand that is meant to be used sparingly given that the Complaint appears to be based on a good faith legal argument.

## *CONCLUSION*

For the above reasons, the Court GRANTS the School District's motion to dismiss Count I of the Complaint, but DENIES its motion for sanctions.

IT IS SO ORDERED.

10/22/09
Dated

Hon. William J. Hibbler
United States District Court